UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LISBETH SPILLER,           )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 4:08-CV-297 CAS
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security, )
                           )
        Defendant.         )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff requests attorney's fees in the amount of $1,555.63, which amount is based on multiplying nine hours of attorney time by an EAJA enhanced rate formulated using the Consumer Price Index-Urban. Defendant responds that plaintiff's application should be denied because defendant's position was substantially justified, and therefore an award of attorney's fees under the EAJA is not appropriate.

**Legal Standard**.

The EAJA requires an "award to a prevailing party . . . [of] fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[1] 28 U.S.C. § 2412(d). The Eighth Circuit Court of Appeals reviews for abuse of discretion a district court's determination that the government's actions were substantially justified. Bah v. Cangemi, 548 F.3d 680, 683 (8th Cir. 2008) (citing Pierce v. Underwood, 487 U.S. 552, 559-61 (1988)). Substantially justified as used in the EAJA means "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Bah,

---

[1] The EAJA also permits the court to award attorney fees in its discretion, 28 U.S.C. § 2412(b).

548 F.3d at 683-84 (quoting Pierce, 487 U.S. at 566 n.2). See also Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987) (to be substantially justified, the government's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct"). A loss on the merits by the Commissioner of Social Security does not give rise to a presumption that he lacked substantial justification for his position. Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). The Commissioner does, however, bear the burden at all times to show that his position was substantially justified. Id.

**Discussion**.

The facts and procedural background of this matter are set forth in detail in the Report and Recommendation of United States Magistrate Judge dated January 8, 2009 (Doc. 17), and the Court does not reiterate the same here. The defendant Commissioner argues that when considered as a whole, the record at the time of the Agency's final decision denying disability and supplemental security income benefits on October 26, 2006, was such that a reasonable person could have agreed with the ALJ that plaintiff was not disabled during the relevant period.

Defendant asserts that the basis for the Magistrate Judge's recommendation to remand was the assumption that the ALJ relied upon a report from a non-medical source as the support for his residual functional capacity (RFC) finding. Defendant states that he can find no indication in the ALJ's decision that he relied upon this report, and did not mention the report in his decision. As further evidence of the fact that the ALJ did not rely on this report, defendant points to the Magistrate Judge's observation that the ALJ's RFC was not in complete agreement with the report. See Report & Recommendation at 18.

Defendant states the following medical evidence supports the ALJ's decision that plaintiff's scoliosis did not preclude the performance of light or sedentary work during the relevant period. Plaintiff alleged disability since June 15, 2000, at age 39, because of scoliosis, a life-long condition. During the relevant period, plaintiff was first examined, at the State agency's request, on September 16, 2002, by Sarwath Bhattacharya, M.D. Although she realized that she had a spinal deformity while

in high school, plaintiff told Dr. Bhattacharya that she had never sought treatment for her condition. Plaintiff's neurological examination was unremarkable. She did not appear to be in acute distress, her gait was normal, she was able to walk on heels and toes, and she could touch her toes. Straight leg raises were within normal limits, she had good range of motion in all extremities, and she had dexterous movement of her fingers for gross and fine manipulation. Although plaintiff had a kyphoscoliotic deformity, Dr. Bhattacharya did not place any restrictions or limitations on her activities.

Defendant states that although plaintiff alleges disability since June 15, 2000, the record reflects that plaintiff did not seek treatment until May 2, 2003, when she presented for a general examination with "no complaints" and "no significant [past medical history]". The doctor diagnosed scoliosis but did not prescribe any medications or limit plaintiff's activities.

A Dr. Feldner had recommended physical therapy, but when plaintiff returned on May 29, 2003, to follow-up, she had not had physical therapy. Plaintiff was again referred for physical therapy but the record does not indicate that she ever had physical therapy. Plaintiff returned on August 2, 2003, with dermatological problems, but she did not mention scoliosis-related pain or other symptoms.

On February 7, 2005, plaintiff had an annual gynecological examination. She did not complain of pain or depression. On August 29, 2006, she reported for another annual gynecological examination, reporting that she felt well and had only minor complaints, and did not complain of pain or depression.

Defendant states that it is the claimant's responsibility to provide medical evidence supporting her alleged disability and limitations, and the burden is still on the claimant at step four when the ALJ determines the claimant's RFC. Defendant contends that to argue plaintiff must be found disabled because there is no medical evidence to support the ALJ's RFC finding appears to reverse this burden of proof. Defendant asserts that plaintiff did not meet this burden as she did not need, or chose not to seek, health care during most of the relevant period. Defendant further contends the medical

evidence of record does not support the limitations claimed by plaintiff or any limitations in her activities, and her failure to need treatment or require prescription medications is inconsistent with her allegations of disabling limitations, citing Singh v. Apfel, 222 F.3d 448, 453 (8th Cir. 2000) (claimant's allegations of disabling pain may be discredited by evidence that the claimant received only minimal medical treatment and/or has taken only occasional pain medication).

Defendant states that plaintiff's impairment is lifelong and has not precluded the performance of substantial gainful activity over a period of many years, and plaintiff has not shown that her condition deteriorated on or around June 15, 2000. Defendant notes that when a claimant worked for many years with a condition and that condition has not worsened, courts have often held that the condition was not disabling, citing Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990). Defendant asserts that plaintiff actually quit working on her alleged onset date not because of an impairment, but because she was transferred and did not have transportation to get to work twenty-four miles away. Defendant states that courts have considered it significant when claimants leave work for reasons other than their medical condition, citing Weber v. Barnhart, 348 F.3d 723 (8th Cir. 2003) (claimant left first job due to lack of transportation, and second job because she needed dental care, not because she was unable to perform the job). Defendant states that during the relevant period, plaintiff returned to work and performed substantial gainful activity, and notes that "[s]eeking work and working at a job while applying for benefits, are activities inconsistent with complaints of disabling pain." Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).

Defendant asserts that all of the medical evidence before the ALJ supported his RFC finding that plaintiff could at least perform sedentary or light work, and none of the medical evidence before the ALJ placed limitations or restrictions on plaintiff's activities. Defendant states that the ALJ indicated in arriving at plaintiff's RFC finding that he had carefully considered the entire record, and therefore the record as a whole shows that the ALJ's RFC finding did have a medical basis.

Defendant asserts that the Magistrate Judge found the only medical evidence directly related to plaintiff's functional abilities was Dr. Inman's July 20, 2007 letter stating that plaintiff could not

work at that time, although the Magistrate Judge recognized the letter's limited evidentiary value. Report & Recommendation at 18. Defendant asserts that Dr. Inman's letter does not address plaintiff's physical or mental limitations, if any, and does not indicate that she will not be able to work for twelve months. Defendant states that the additional evidence, including Dr. Inman's two-sentence conclusory letter, was not submitted to the ALJ and he never saw it, but it apparently was submitted to the Appeals Council of the Social Security Administration. Defendant contends that Dr. Inman's letter is not relevant because it does not relate to the relevant period, and there is no indication that Dr. Inman was a treating physician during the relevant period. Thus, defendant contends that even if Dr. Inman's unsupported conclusory opinion was before the ALJ on an issue preserved for the Commissioner, it would be entitled to no weight.

Defendant states that the Magistrate Judge also questioned the hypothetical question to the vocational expert because it did not include a sit/stand option, "an option a medical source might well opine Plaintiff would require." Report & Recommendation at 20. Defendant states that no medical source required or suggested a sit/stand option or any other limitation, and the sit/stand option the Magistrate Judge refers to is based upon the non-medical source's assessment, the same assessment upon which the Magistrate Judge assumes the ALJ erroneously relied.

Defendant also states that plaintiff did not raise any objection to the ALJ's finding that her allegations were not entirely credible. Defendant asserts that plaintiff did not quit work because of scoliosis, did not seek treatment until after she filed her applications, and the record does not indicate that she required prescription pain medication; she performed substantial gainful activity and participated in normal activities during the relevant period; and the ALJ did not mention or rely on the non-medical source's assessment. Defendant argues that substantial evidence in the record as a whole supported the ALJ's decision, which was supported by the facts and the law. Thus, Defendant submits that a reasonable person could agree that the ALJ's decision was substantially justified and plaintiff's application should be denied.

5

Plaintiff did not file a reply memorandum and the time to do so has passed. In the memorandum in support of her motion for attorney's fees, plaintiff asserts that the Commissioner cannot say his actions were substantially justified at the administrative level, because the Court found that Dr. Inman's letter should have at least alerted the Appeals Council to the need for medical evidence to support the assessment of plaintiff's RFC, and the case needed to be reconsidered by the ALJ for an explanation of the weight to be given the evidence submitted after the evidentiary hearing. Plaintiff further asserts that because the vocational expert was not asked a question about a sit/stand option "as outlined in the evidence of record" the hypothetical question to the vocation expert was legally insufficient.

The Court has carefully considered this matter and concludes the statutory requirements for an award of attorney's fees are met. The government's position was not substantially justified because the ALJ's decision did not point to any medical evidence in support of the RFC assessment. Although defendant is correct that a claimant's RFC is determined at step four of the sequential evaluation process, where the burden of proof rests on the claimant, nonetheless "the ALJ bears the primary responsibility for determining a claimant's" RFC. Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002). While an RFC is based on all relevant evidence, it "remains a medical question" and "'some medical evidence must support the determination of the claimant's [RFC], and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace.'" Id. (quoting Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001)). The ALJ is therefore required to consider at least some supporting evidence from a medical professional. Id.; Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

In this case, the only assessment in the record before the ALJ regarding plaintiff's functional abilities is the October 15, 2002 RFC assessment of the nonmedical source. While the Eighth Circuit has held that the opinion of a non-treating, non-examining physician (or other medical source) can satisfy this requirement, see, e.g., Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004), the Commissioner has not cited, nor did the Court find, any cases standing for the proposition that an

ALJ may rely on the opinion of a nonmedical source. As the Magistrate Judge noted, there is "little here in the record that detracts from the ALJ's findings, [but] the fact remains that the RFC has no medical basis. Having determined at step four that Plaintiff could not perform her past relevant work, the burden rested with the ALJ to support the RFC with proper medical evidence." Report & Recommendation at 18 (citing Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000)); see Eichelberger, 390 F.3d at 591 (when the claimant establishes the inability to do past relevant work, the burden of proof shifts to the Commissioner). Because the RFC was not supported with proper medical evidence, the government's position was not substantially justified, even though a medical source might not find disabling functional limitations in this case.

The Court finds that plaintiff's application for attorney's fees is reasonable as to hours expended on this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for attorney's fees under the Equal Access to Justice Act is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that plaintiff is awarded attorney's fees under the Equal Access to Justice Act in the amount of One Thousand Five Hundred Fifty-Five Dollars and Sixty-Three Cents ($1,555.63), which shall be payable directly to plaintiff's attorney, Mr. Jeffrey J. Bunten.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of March, 2009.